IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MOHAMMED MUSTAPHA GONJA, *Petitioner*, v. JEFFREY CRAWFORD, *et al.*, *Respondents*. | 1:26-cv-2191-MSN-WEF |

ORDER

Mohammed Mustapha Gonja ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his current detention pursuant to 8 U.S.C. § 1231 violates the provisions of § 1231 (Count I), and his due process rights (Counts II and III)[1].

Petitioner is currently detained at the Farmville Detention Center in Virginia. On July 21, 2026, this Court ordered the Federal Respondents to respond to the Petition. ECF 4. The Federal Respondents filed their opposition on July 27, 2026. ECF 8. The Petitioner filed a reply in support of his Petition on July 31, 2026. ECF 11. The Court finds that the Federal Respondents' detention of the Petitioner violated his due process rights. Accordingly, the Court will grant the Petition as to Counts II and III.[2]

[1] Federal Respondents claim that "Petitioner's sole detention claim avers that his detention violates § 1231(a)(6) – without any independent claim under the Constitution[.]" ECF 8 at 10. That is belied by the Petition, which clearly shows Petitioner's raising multiple due process claims. *See* ECF 1 at 25-26.
[2] Because the Court grants the Petition as to Counts II and III, it need not address Petitioner's other claims.

## I. BACKGROUND

Petitioner is a citizen of Ghana. ECF 1 ¶ 11. He entered the United States around May 27, 2022 after fleeing Ghana, and was detained and placed in expedited removal proceedings. *Id.* ¶ 17; ECF 8-2 ¶ 7. Petitioner was found to have a credible fear of return to Ghana based on his advocacy on behalf of the LGBTQ community and was paroled into the United Sates. ECF 1 ¶ 17. On May 9, 2024, an Immigration Judge ("IJ") ordered Petitioner removed but granted him withholding of removal to Ghana based on the Convention Against Torture ("CAT"). *Id.* Petitioner was never issued an order of supervision but simply remained in the community for years thereafter. *Id.* ¶ 18.

On July 11, 2026, Petitioner was the victim of a violent attempted robbery to which the National Guard and Metropolitan Police Department responded. *Id.* Six days later, on July 17, 2026,[3] ICE agents detained Petitioner after he returned home from morning prayers. *Id.*; ECF 8-7 at 2. Petitioner was initially detained in Baltimore, Maryland, and he was told there was no record of his CAT grant. ECF 1 ¶ 18. That record was later located, but he was informed he would still be sent to a third country, though no country was specified. *Id.* Petitioner was then transferred to the Farmville Detention Center, where he currently remains detained. *Id.*

Respondents claim that Sierra Leone has accepted Petitioner for third country removal. ECF 8-2 ¶ 14; ECF 8-3 ¶ 5.

On July 20, 2026, Petitioner filed the present habeas petition. ECF 1.

[3] Respondents' declaration of Acting Assistant Field Office Director Michael Coles inaccurately states that Petitioner was detained on June 17, 2026. ECF 8-2 ¶ 13. Federal Respondents' opposition also misstates Petitioner's detention date as June 27, 2026. ECF 8 at 9. DHS's records clearly show detention occurred on July 17, 2026. ECF 8-7 at 2. The Court understands the time pressures involved in responding to these habeas petitions, but it is imperative that all parties, including Federal Respondents, ensure the factual accuracy of all submissions to this Court.

## II. ANALYSIS

Assuming, without deciding, that Petitioners' detention was pursuant to imminent third country removal,[4] procedural due process requires Petitioner to be afforded notice and an opportunity to be heard *before* he is detained. "Freedom from . . . physical restraint . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Diallo v. Joyce*, 817 F. Supp. 3d 202, 208 (S.D.N.Y. 2025). "Civil detention, including that of a non-citizen, violates due process in the absence of a 'special justification' sufficient to outweigh one's 'constitutionally protected interest in avoiding physical restraint.'" *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1037 (N.D. Cal. 2025). And "a noncitizen at liberty has a greater interest in remaining free from detention than does a noncitizen who is currently or was recently detained." *Id.* ("[T]here is a 'meaningful distinction between a challenge to an initial period of detention . . . and a challenge to re-detention after a court has previously granted released on bond pending immigration proceedings.'"); *Pineda-Berrios v. Lyons*, No. 1:25-cv-2332, 2026 WL 384159, at *6 (E.D. Va. Feb. 11, 2026) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025)) ("[A]fter that individual is released from custody [he] has a protected liberty interest in remaining out of custody.").

Here, Petitioner was paroled into the United States around four years ago. ECF 8-2 ¶ 10. Petitioner was then allowed to remain released after receiving a final order of removal with

[4] As explained by this Court in *Henry Alexander De La Cruz Lopez v. Markwayne Mullin*, No. 1:26-cv-1931, 2026 WL 2199760 (E.D. Va. Jul. 28, 2026), 8 U.S.C. § 1231(a)(6) does not authorize Federal Respondents to detain aliens who were never detained during the 90-day removal period, unless detention is pursuant to imminent removal. This Court need not decide whether Petitioner was detained in order to effectuate imminent removal, but as identified *supra,* this Court doubts that Federal Respondents' had identified a removal plan for Petitioner before detaining him.

withholding of removal to Ghana in May 2024.[5] He remained released for another two years until he was detained on July 17, 2026. ECF 1 ¶ 18.

The question for the Court then is what procedural process is due to Petitioner. The Court considers the usual *Matthews v. Eldridge* factors, including: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. 319, 335 (1976).

First, Petitioner has a protected liberty interest in maintaining his freedom. The magnitude of that interest in continued freedom must be recognized even though Petitioner is subject to mandatory detention under Section 1231. *See Santos Modesto Orellana-Escobar v. Lyons*, No. 1:26-cv-349, ECF 10 (E.D. Va. Mar. 23, 2026) (finding that even a Petitioner subject to a reinstated final order of removal is afforded procedural due process protections); *Duong*, 800 F. Supp. 3d at 1039 (citing *Perera v. Jennings*, 598 F. Supp. 3d 736, 739 (N.D. Cal. 2022)) (observing that courts "have found that individuals subject to detention under section 1226(c) have a protected interest in remaining at liberty even though section 1226(c) detention is mandatory"). And it is "appropriate to consider" Federal Respondents' acquiescence in all of this—even after Petitioner was given a final order of removal, Federal Respondents made no effort to re-detain Petitioner but rather "chose to allow [Petitioner] to continue [on release] for [two] years while he []integrated into the community." *Carballo v. Andrews*, No. 1:25-cv-00978, 2025 WL 2381464, at *5 (E.D.

[5] This Court notes that Petitioner should have been placed on an Order of Supervision as is required by 8 U.S.C. § 1231. *See Henry Alexander De La Cruz Lopez v. Markwayne Mullin*, No. 1:26-cv-1931, 2026 WL 2199760 (E.D. Va. Jul. 28, 2026).

Cal. Aug. 15, 2025); *see also Duong*, 800 F. Supp. 3d at 1039 (citing *Perera*, 598 F. Supp. 3d at 744) ("The fact that Perera was six years overdue for immigration did not diminish his liberty interest, but increased it. The same is true for Duong.").

Second, Petitioner has an interest in being free from imprisonment, and he received no procedural protections before the government detained him, thus "increasing the risk of erroneous deprivation of [his] liberty." *See Diallo*, 817 F. Supp. 3d at 210; *Santos Modesto Orellana-Escobar*, ECF 10 at *6 (finding Petitioner's detention had a "substantial risk that [it did] not serve the purposes of civil immigration"); *Judith S.F.Z. v. Warden of the California City Corr. Ctr.*, No. 1:26-CV-02966-TLN-CKD, 2026 WL 1802129, at *3 (E.D. Cal. Jun. 22, 2026) (finding that because "Petitioner was denied procedural safeguards to ensure her re-detention was justified, there is a serious risk of her liberty being erroneously deprived."). Such a risk is high here, where Respondents arrested and detained Petitioner without notice, with no discernable justification at the time of detention, with no identified risk of flight or danger, no prior outreach, and with no country identified to which he could be sent.

Third, it does not undercut the government's interest to require it to provide Petitioner with the same minimal procedural safeguards that it must provide before re-detaining any other immigrant subject to a final order of removal. *Diallo*, 817 F. Supp. 3d at 210; *Santos Modesto Orellana-Escobar*, ECF 10 at *6 (finding requiring procedural due process would be a "minimal burden"). There is no evidence that Petitioner's removal was ready to move forward at the time of his detention. And, in any event, Federal Respondents' alleged procurement of travel documents *after* Petitioner's detention does not "retroactively exempt [] DHS from its obligation to 'provide adequate notice' *before* revoking an immigrant's conditional release." *Diallo v. Lyons*, No. 26-CV-3364, 2026 WL 1791494, at *11 (E.D.N.Y. Jun. 22, 2026) (citation omitted, emphasis in

original). As such, the burden on Federal Respondents of delay in re-detention to provide for notice and hearing would be minimal.

In conclusion, Petitioner's arrest and detention without following basic procedural protections plainly violated Petitioner's due process, and the remedy for his unlawful detention is release. *Diallo*, 817 F. Supp. 3d at 210; *Santos Modesto Orellana-Escobar*, ECF 10 at *7 ("On the record before the Court, it appears that Petitioner was not afforded any due process but was rather arrested without explanation or opportunity to respond. For these reasons, the Petition will be GRANTED and Petitioner must be immediately released.").

Petitioner's due process rights were further violated by Federal Respondents' apparent refusal to afford Petitioner an opportunity to assert fear of removal to Sierra Leone. Petitioner must be afforded an opportunity for a third country fear screening and he is entitled to review of his removal before an IJ before any such removal could occur. *See* ECF 11-1 ¶ 31 (explaining Petitioner was never interviewed regarding a fear of being sent to Sierra Leone); *Jorge Antonio Garcia-Rivera v. Noem*, No. 1:26-cv-229, 2026 WL 1244545, at *3 (E.D. Va. Mar. 2, 2026); *Zavvar v. Scott*, No. 1:25-2104-TDC, 2025 WL 2592543, at *7-8 (D. Md. Sept. 8, 2025) (ruling that petitioner was entitled to contest his removal to a third-party countries); *Portela-Hernandez v. Trump*, No. 25-1633-BAH, 2026 WL 74042, at *14 (D. Md. Jan. 9, 2026) (noting that petitioner was entitled to contest his removal through a hearing before an IJ before his removal to Mexico could be effectuated); *Ciciliano v. Guadian*, No. 1:26-CV-559-MSN-WEF, 2026 WL 1703590, at *3 (E.D. Va. Jun. 11, 2026) (finding that the "the Court cannot ignore that removal to Mexico cannot be properly effectuated until immigration judge review of fear is had"); *Banoub v. Crawford*, 819 F. Supp. 3d 477, 489 (collecting cases that show courts both in and out of the Fourth Circuit finding Federal Respondents' March guidance to the contrary is unconstitutional).

Therefore, Federal Respondents' failure to afford Petitioner that opportunity before planning to remove Petitioner to Sierra Leone violates due process.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's continued detention violates his right to due process. Accordingly, it is hereby

ORDERED that the Petition is GRANTED; it is further

ORDERED that Federal Respondents immediately release Petitioner with all his personal property; it is further

ORDERED that Federal Respondents and any of Federal Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are ENJOINED from re-detaining Petitioner without notice and an informal hearing to afford him an opportunity to respond to the reasons for revocation stated in the notice; and it is further

ORDERED that Federal Respondents are ENJOINED from removing Petitioner unless Petitioner has first received de novo review by an immigration judge of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether Petitioner has a reasonable fear of persecution or torture if removed.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 6, 2026
Alexandria, Virginia